UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**UNITED STATES OF AMERICA,**                                                                      **Plaintiff**

**v.**                     **Case No. 3:17-mj-132-CHL**

**ALISHA CLAYTON,**                  **Defendant**

**Memorandum Opinion and Order**
**on Preliminary Hearing and Detention Hearing**

On March 8, 2017, the Court held a preliminary hearing and a detention hearing (the "Hearing") in this matter.

Larry Fentress appeared for the United States. James Earhart appeared for Alisha Clayton, who was present and in the custody of the United States Marshals Service.

     **I.**     **Government's motion for competency evaluation**

At the beginning of the Hearing, the government moved for a custodial competency examination. *See* 18 U.S.C. §§ 4241(a) & 4247(b). Ms. Clayton objected to a *custodial* examination, but Ms. Clayton did not object to undergoing a noncustodial examination.

If the government or a defendant moves for a competency hearing, the Court shall grant the motion if there is reasonable cause to believe that the defendant is presently "suffering from a mental disease or defect rendering [her] mentally incompetent to the extent that [she] is unable to understand the nature and consequences of the proceedings against [her] or to assist properly in [her] defense." *Id.* § 4241(a). Even if no party moves for a competency hearing, the Court has the duty to inquire as to a defendant's competency "whenever there is reasonable cause to believe that the defendant is incompetent to stand trial." *United States v. Dubrule*, 822 F.3d 866, 879 (6th Cir. May 6, 2016).

As discussed on the record at the Hearing, the Court observed Ms. Clayton's behavior at the March 7 initial appearance. The Court had misgivings about her competency based on her behavior in Court, her answers under oath at the initial appearance, and based upon discussions with Court staff. Specifically, the Court noted that Ms. Clayton had to be taken to the hospital the morning of her initial appearance, and the initial appearance was rescheduled until Ms. Clayton returned from the hospital that afternoon. The Court also noted that if no party had moved for a competency evaluation at the Hearing, the Court had considered ordering an examination *sua sponte*. *See Dubrule*, 822 F.3d at 879.

At the Hearing, the Court found reasonable cause to believe that Ms. Clayton may presently be suffering from a mental disease or defect that renders her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. *See* 18 U.S.C. § 4241(a). The Court granted the government's motion in part to the extent it sought a hearing to determine Ms. Clayton's competency. *See id.*

The Court denied the government's motion to the extent that it sought a *custodial* competency examination. The statute says:

> A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner. Each examiner shall be designated by the court …. For the purposes of an examination pursuant to an order under section 4241 … the court *may* commit the person to be examined for a reasonable period, but not to exceed thirty days … to the custody of the Attorney General for placement in a suitable facility.

*Id.* § 4247(b) (emphasis added).

Thus, the Court *may* commit a defendant to the Attorney General's custody for a psychiatric or psychological examination for thirty days. But, the statute does not *require* the Court to order a custodial commitment so that the defendant may undergo an examination. *See,*

2

*e.g.*, *United States v. Lawson*, 2013 WL 1498893 (E.D. Ky. 2013) ("Because the Defendant is not in pretrial custody, the Court appointed Dr. Paul Anthony Ebben, Psy. D., to conduct a noncustodial competency evaluation."); *see also*, *United States v. Bussell*, 2011 WL 2037013 *2 E.D. Tenn. 2011) ("Although the Court has discretion to order that the Defendant be committed for the mental evaluation, the statute does not require an inpatient examination."); *cf. United States v. Rayyan*, 2016 WL 1746013 *5 (E.D. Mich. 2016) ("Moreover, defendant has already been detained; thus, any restraint on his liberty is less consequential than if he were out on bond.").

At the Hearing, the Court made clear that it would consider the government's pretrial detention motion separate from its determination as to whether it will order Ms. Clayton to undergo an examination. Accordingly, the Court ordered Ms. Clayton to undergo a noncustodial psychiatric or psychological examination. *See* 18 U.S.C. § 4141(b). The Court also ordered the parties to confer regarding whether they can agree on a licensed or certified psychiatrist or psychologist to conduct the examination.

## II.  Preliminary hearing

Next, the Court held a preliminary hearing on the criminal complaint. *See* Fed. R. Crim. P. 5.1. The criminal complaint charges Ms. Clayton with violating 18 U.S.C. § 1512(b)(1) for knowingly threatening "a government witness in a federal prosecution." (DN 1.)

The statute says:

Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—
(1)     influence, delay, or prevent the testimony of any person in an official proceeding;
… shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1512(b)(1).

The government called Special Agent Nicholas Zarro of the FBI to testify. Special Agent Zarro adopted his statements from the affidavit in support of the criminal complaint. (*See* DN 1 at #2 – 3.) In particular, Zarro testified that Earl Clayton IV and Edie Clayton told him that Ms. Clayton said to Earl Clayton IV, whose grandfather had recently been buried: "You are going to be digging another grave real soon."

Ms. Clayton called two witnesses: Desmond Phillips and Joanna Clayton. In short, Ms. Clayton's witnesses testified that they believed Ms. Clayton was making a biblical reference when she referred to "digging another grave," and they did not take it as a threat against Earl Clayton IV.

As discussed on the record at the Hearing, the Court found probable cause to believe that Ms. Clayton knowingly threatened Earl Clayton IV, a person in an official proceeding, with the intent to influence, delay or prevent his testimony against Earl Clayton III.

### III. Government's motion to detain Ms. Clayton pretrial

The government moved to detain Ms. Clayton pretrial. 18 U.S.C. § 3142(f). Ms. Clayton asked for pretrial release with conditions.

As noted on the record at the Hearing, there is no presumption in favor of detention for the crime with which Ms. Clayton is charged. Accordingly, the government had the burden to show, by clear and convincing evidence, that "no condition or combination of conditions will reasonably assure the safety of any other person and the community." *See id.*

At the Hearing, the Court took into account the applicable factors in determining whether there are conditions of release that will reasonably assure Ms. Clayton's appearance as required and the safety of any other person and the community. *See id.* § 3142(g). The Court found that the government had not met its burden. *See id.* § 3142(f). Accordingly, the Court ordered Ms.

Clayton's conditional release. The Court discussed the conditions on the record, and they are detailed below in Part V.

### IV. Order for competency evaluation

The Court **GRANTS** the government's motion for a hearing to determine Ms. Clayton's competency. *Id.* § 4241(a).

The Court **ORDERS** Ms. Clayton to undergo a noncustodial psychiatric or psychological examination. *Id.* § 4247(b). **On or before March 16, 2017**, the parties shall submit an agreed order suggesting a licensed or certified psychiatrist or psychologist (the "examiner") for the Court to appoint to conduct the examination at the government's expense. *See id.*

**On or before April 16, 2017**, Ms. Clayton shall undergo an examination by the examiner. The examiner **SHALL PREPARE** a written report that includes:

(1) Ms. Clayton's history and present symptoms;

(2) A description of the psychiatric, psychological, and medical tests that were employed and their results;

(3) The examiner's findings; and

(4) The examiner's opinion's opinions as to diagnosis, prognosis, and whether Ms. Clayton is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

*Id.* § 4247(c)(1) – (4). The examiner **SHALL FILE** under seal[1] the written report with the Court, with copies to defense counsel and the government. *Id.* § 4247(c). The examiner's deadline for filing a written report with the Court is **May 16, 2017**.

---

[1] There is a strong presumption in favor of open court records. *See Rudd Equip. Co., In.c, v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016). However, the public's interest in Ms. Clayton's private mental health information is minimal. On the other hand, Ms. Clayton has a compelling interest in protecting her private mental health information from public view until the Court determines whether she is competent to stand trial.

5

The period of time necessary to determine Ms. Clayton's mental competency shall be excluded in computing the time within which the trial of this case must commence. 18 U.S.C. § 3161(h)(1)(A).

**V.     Conditional release order**

The Court **RELEASES** Ms. Clayton on a $25,000 unsecured bond. The **conditions** of Ms. Clayton's release are:

- Ms. Clayton shall report to the pretrial services officer at the U.S. Probation Office as directed.
- Ms. Clayton shall not use alcohol.
- Ms. Clayton shall refrain from using a narcotic drug or other controlled substance without a prescription by a licensed medical practitioner.
- Ms. Clayton shall continue to undergo psychological or psychiatric treatment. Ms. Clayton shall also continue to take her medication.
- Ms. Clayton shall have no contact with Earl Clayton IV or Edie Clayton.

Finally, the Court advises Ms. Clayton of the following:

- A person who commits a felony while on pretrial release can receive an enhanced sentence of up to ten years for that offense in addition to the sentence imposed for that offense. *Id.* § 3147(1).
- A person who commits a misdemeanor while on pretrial release can receive an enhanced sentence of up to one year for that offense in addition to the sentence imposed for that offense. *Id.* § 3147(2).
- If a person violates a term of release, the Court may revoke that person's release and order that person to be detained. *Id.* § 3148(a). Additionally, that person may be prosecuted for contempt of Court. *Id.*
- Federal law prohibits intimidation of witnesses, jurors, and officers of the court. *Id.* § 1503. Federal law prohibits obstruction of criminal investigations and witness

tampering. *Id.* §§ 1510 & 1512. Federal law also prohibits retaliating against a witness, victim, or informant. *Id.* § 1513.

### VI. Further proceedings

Pending the outcome of Grand Jury proceedings, the Court sets this matter for an arraignment on **March 30, 2017 at 9:30am**.

cc: Counsel of record

3:00